**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOSEPH HERRING,**

    **Plaintiff,**

vs.                                           Case No. 4:13cv68-RH/CAS

**FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Defendants filed a Notice of Removal, doc. 1, in February 2013. On February 19, 2013, Defendants filed a motion, doc. 3, requesting that the pro se Plaintiff be required to re-file his complaint on a court-approved complaint form and to do so in compliance with Federal Rule of Civil Procedure 8." *Id.* at 1. That motion was granted. Plaintiff was advised that his approximately 400 page complaint did not comply with Rule 8 and he was directed to submit an amended complaint that was no longer than 15 pages. Doc. 6. Other deficiencies were also explained to Plaintiff such as the fact that respondeat superior does not provide a basis for recovery under § l983, that Plaintiff may litigate the case on his own, pro se, but not "on the behalf of all other

classes and similarly situated persons."  Plaintiff was also directed to allege facts and not conclusory allegations, and that a civil rights case is not the forum in which Plaintiff may dispute religious doctrine or promote his religious beliefs; it is only the vehicle by which Plaintiff may challenge a rule or regulation that Plaintiff believes prohibits or interferes with his right to practice his religious faith.  Plaintiff was also ordered to limit his case to one basic issue or event and not every dispute he has with prison officials.

After several extensions of time, Plaintiff has now filed the amended complaint.  Doc. 24.  Plaintiff's amended complaint does not comply with the prior Order as it is 60 pages in length and has another 60 pages of attachments included.  *Id.*  Plaintiff identifies the "nature" of this case as an effort "to seek a moral standard of human decency and a bibical [sic] standard of review of social ethics [sic] and Godly principles . . . ."  Doc. 24 at 9.  Plaintiff again lists conclusory claims that his constitutional rights have been violated, doc. 24 at 15-17, but he does not demonstrate with factual assertions that his rights have been violated.

Instead, it appears that when Plaintiff attempted to tell the Chaplain at Charlotte Correctional Institution that Plaintiff had given up his freedom and was dedicating his life to prison ministry, explaining that he had a training course for his evangelistic work "that consist of casting out unclean spirits of devils, to deliver others from these demonic influences as necessary," *Id.* at 17, Plaintiff contends that the chaplain threatened Plaintiff with confinement "if he was caught witnessing on the recreation yard or dorms by staff."  *Id.*  Plaintiff's claim is insufficient because that chaplain, Mr. Nelson, is not a named Defendant in this case.

Plaintiff complains about the manner in which chapels are operated and contends inmates are mentally abused. *Id.* at 19. Plaintiff contends he was treated "like a [sic] insignificant piece of garbage." *Id.* at 20. Plaintiff claims they are spoken to "in a tone of voice that is mentally abusive and bespeaks of malice . . . " *Id.* at 21. Harsh tones of voice are not unconstitutional and Plaintiff's second "issue" fails to state a claim.

Plaintiff's third issue is for intentional discrimination. *Id.* at 21-23. That is a conclusion unsupported by any facts showing how Plaintiff was treated differently than other inmates. That claim fails to state a claim.

Plaintiff's fourth issue is for the destruction of personal property. Doc. 24 at 23. That claim is insufficient as well as a claim for the negligent destruction of property is barred by <u>Daniels v. Williams</u>, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L. Ed. 2d 662 (1986) (holding that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."). Even if Plaintiff could legitimately claim that the deprivation of his property was more than negligent and done intentionally and maliciously, his claim must still fail under the Fourteenth Amendment. The Supreme Court has unequivocally held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." <u>Hudson v. Palmer</u>, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984). The State of Florida has waived its sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property. Fla. Stat. § 768.28(1).

The existence of § 768.28 provides Plaintiff with a meaningful, post-deprivation remedy to challenge the loss of property. Thus, Plaintiff's claim is foreclosed under either theory and is not cognizable under § 1983.

To the degree Plaintiff challenges "immoral church practices," doc. 24 at 24, that claim fails as well. A civil rights complaint is not the proper avenue to challenge religious beliefs. Thus, Plaintiff's sixth claim for equal rights is unintelligible and fails to state a claim.

Plaintiff purports to state a claim for neglect of duties, doc. 24 at 31-33, which appears based on a lack of Bible study opportunities in addition to a weekly service. Plaintiff also is not satisfied with the selection of certain inmate facilitators for religious programs. *Id.* at 33-35. These claims are insufficient because Plaintiff fails to show that he is unable to practice his religious faith.

Plaintiff's discourse on the First Amendment and his personal religious beliefs, doc. 24 at 36-45, do not state a claim upon which relief may be granted. Plaintiff does not challenge a particular policy that hinders the expression of his religious belief, and the fact that Plaintiff believes sexual offenders or homosexual inmates should not be permitted to serve as chapel orderlies or church facilitators is not a justiciable claim.

As Plaintiff was advised previously, a civil rights action is not a forum in which Plaintiff may debate religious beliefs. *See* doc. 24 at 46-59. Because Plaintiff has failed to point to a policy or practice which interferes with Plaintiff's own religious expression, the amended complaint should be dismissed.

Leave to further amend the complaint does not appear beneficial considering Plaintiff's failure to comply with the prior amendatory Order. Plaintiff has not provided a

"short and plain statement of [his] claim showing that the [Plaintiff] is entitled to relief." F̲ED̲. R̲. C̲IV̲. P. 8(a)(2), *quoted in* <u>Dura Pharmaceuticals, Inc. V. Broudo</u>, 544 U.S. 336, 125 S.Ct. 1627, 1634, 171 L.Ed.2d 577 (2005). Plaintiff's complaint does not comply with Rule 8, does not allege the violation of any constitutional right, and it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 24, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that any pending motions be denied, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2013.

 S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**