# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JOSEPH HERRING,

    Plaintiff,

vs.                                           Case No. 4:13cv68-RH/CAS

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____ /

## SECOND REPORT AND RECOMMENDATION

On June 28, 2013, a report and recommendation was entered to dismiss this case because the pro se Plaintiff's amended complaint failed to state a claim. Doc. 25. Plaintiff has now filed a document titled, "Petition for Federal Protective Custody," doc. 30, which is construed as a motion for a restraining order.

Plaintiff contends that in this case, he has "exposed our State Chaplaincy Services and Regional Directors." Doc. 30 at 1. Plaintiff contends he has been transferred and placed in immediate danger of retaliation for exposing the acts alleged in the complaint. *Id.* at 2. Plaintiff claims he has been transferred into an "area where past murder attempts had been made on [Plaintiff's] immediate life by other law

enforcement surrounding agencies," allegedly because of a motor vehicle accident. *Id.* Plaintiff claims that "Mr. Collins brother" (who is presumably a correctional officer) told other inmates that "he was going to constantly shake D-Dorm down because" Plaintiff wrote grievances on his brother. *Id.* at 3. Plaintiff contends the inmates have changed their attitude about him and he needs protection. *Id.* at 3-4.

Granting or denying a motion for an injunction or protective order is a request for equitable relief that may be only granted if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the opposing party would not be substantially harmed if the motion were granted; and

(4) if granted, the injunction would not be adverse to the public interest.

DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011); Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). "A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant clearly establishes the burden of persuasion as to the four prerequisites." Forsyth Cnty. v. U.S. Army Corps of Engineers, 633 F.3d 1032, 1039 (11th Cir. 2011) (citations omitted); Siegel, 234 F.3d at 1176. An injunction will not issue unless the movant satisfies all four elements. LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012). Granting such a motion is a decision within the discretion of the district court. LSSi Data Corp., 696 F.3d at 1119; Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997).

Because Plaintiff's amended complaint has been found insufficient to state a claim and a report and recommendation is pending to dismiss this case, Plaintiff has failed to meet all four prerequisites for injunctive relief. Therefore, the instant motion must be denied as Plaintiff has not demonstrated a substantial likelihood of success on the merits.

Moreover, Plaintiff's request essentially requests this Court direct state prison officials to surrender custody and transfer him to federal custody. This Court lacks authority to order the Bureau of Prisons to take custody of Plaintiff. *See* <u>United States v. Byrd</u>, No. 7-00175, 2010 WL 936557, at *2 (S.D. Ala. Mar. 12, 2010) (denying Defendant's motion for return to federal custody).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's "Petition for Federal Protective Custody," construed as a motion for a restraining order, doc. 30, be **DENIED.**

**IN CHAMBERS** at Tallahassee, Florida, on July 18, 2013.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:13cv68-RH/CAS