**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

JOSEPH HERRING,

    Plaintiff,

v.                                           CASE NO. 4:13cv68-RH/CAS

FLORIDA DEPARTMENT OF
CORRECTIONS et al.,

    Defendants.

_____/

## **ORDER OF DISMISSAL**

This case is before the court on the magistrate judge's first report and recommendation, ECF No. 25, and the objections, ECF No. 31. I have reviewed *de novo* the issues raised by the objections.

The first report and recommendation concludes that the amended complaint fails to state a claim on which relief can be granted and that leave to amend further should not be granted. Had the plaintiff asserted in his objections any theory on which he could recover, this order would grant leave to amend further. But even in the objections, the plaintiff has failed to allege facts that would entitle him to relief. This order accepts the report and recommendation.

*Pro se* complaints should be read liberally. A *pro se* plaintiff is not expected to plead with the skill of a trained attorney. But even a *pro se* plaintiff must communicate. It is extraordinarily difficult to discern from the amended complaint, or from the objections to the report and recommendation, just what it is the plaintiff is complaining about.

The plaintiff is a state prisoner. His primary complaint seems to be that state correctional officials allow gays or sex offenders to participate as facilitators in religious services. But the plaintiff does not have a constitutional right to preclude others from participating in religious services. His bias against gays and disdain for sex offenders do not change this. Gays and sex offenders, like all others, have a right to practice their religion while incarcerated. The plaintiff can attend services or not, at his election. But he has no right to bar others from participating.

The plaintiff also complains that he has not been allowed to pursue this case as a class action. The issue makes no difference, because the plaintiff has not alleged facts sufficient for the case to proceed even as an individual action. Even if the plaintiff had stated an individual claim on which relief could be granted, the plaintiff would not be allowed to pursue the case as a class action. A plaintiff may represent himself, and the plaintiff here has been allowed to do so. But only a licensed attorney may represent others. A person who is not an attorney cannot represent class members.

So the case will be dismissed as recommended in the first report and recommendation. This renders moot the second report and recommendation, which concludes that the plaintiff's motion for federal protective custody—in effect, a motion for a preliminary injunction—should be denied. This order denies the motion for federal protective custody on the ground that the case is being dismissed.

IT IS ORDERED:

1. The report and recommendation is ACCEPTED and adopted as the court's opinion.

2. The clerk must enter judgment stating, "All of the plaintiff Joseph Herring's claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)."

3. The motion for protective custody, ECF No. 30, is DENIED.

4. The clerk must close the file.

SO ORDERED on July 23, 2013.

                                          s/Robert L. Hinkle
                                          United States District Judge